James P. **MITCHELL**, Secretary of Labor, Plaintiff,

v.

**MICHIGAN–U. S. INDUSTRIAL GLOVE AND LAUNDRY CO.**, Defendant.

No. 20142.

United States District Court
E. D. Michigan, S. D.

Nov. 7, 1960.

Harold Nystrom, Washington, D. C., A. A. Caghan, N. M. Spoke, and Zelda M. Garber, Department of Labor, Cleveland, Ohio, for plaintiff.

Arthur J. Hass, Detroit, Mich., for defendant.

FREEMAN, District Judge.

The motion before the court arises out of an action brought by plaintiff, the Secretary of Labor, against the defendant pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 216(c), for an injunction against alleged violations of such Act.

In support of its motion to strike defendant's demand for a jury trial, plaintiff urges that an action for an injunction brought pursuant to 29 U.S.C.A. § 216(c) is a purely equitable action and does not afford a right to trial by jury to either party.

Defendant concedes that as a general proposition, it would not be entitled to a jury trial in an equity action. Defendant contends, however, that the present case falls within an exception to the general rule, support for which exception defendant finds in certain pronounce-

ments by the U. S. Supreme Court in the case of Beacon Theatres v. Westover, 1958, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed. 2d 988. The precise argument of defendant is that a right to trial by jury exists in an equity action if there is a possibility that the defendant might be prevented from a determination by a jury in a subsequent action at law of such issues as are common to the action at law and the action in equity. Defendant argues that at the conclusion of the present case, a subsequent action for damages might be instituted by any aggrieved employees or by the Secretary of Labor upon the request of such employees pursuant to 29 U.S.C.A. § 216(b) and (c), and that, should the plaintiff be successful in the present action, the defendant would be foreclosed from raising certain issues in such subsequent jury trial because of the doctrine of collateral estoppel.

The Beacon Theatres case is the only case cited by defendant in support of its contention. That case involved an action for declaratory judgment and for injunctive relief by a plaintiff in anticipation of a suit by the defendant for treble damages, under the Sherman and Clayton Acts. Defendant in that action filed a counterclaim, raising the issues which would have been raised in the anti-trust suit for treble damages, and demanded a jury trial. Exercising its discretion under Rules 42(b) and 57, the District Court ruled that it would try in equity without a jury the issues common to both proceedings before trying defendant's counterclaim. After affirmance by the Court of Appeals, 252 F.2d 864, the Supreme Court issued a writ of mandamus directing that the defendant was entitled to a trial by jury on all issues pertinent to its counterclaim and that the District Court should have tried the counterclaim with a jury before trying plaintiff's equitable action.

In the course of its opinion, Justice Black made some broad statements, two of which seem to be particularly relied on by defendant in the present action (359 U.S. at page 504, 79 S.Ct. at page 953):

"Thus the effect of the action of the District Court could be, as the Court of Appeals believed, 'to limit the petitioner's opportunity fully to try to a jury every issue which has a bearing upon its treble damage suit,' for determination of the issue of clearances by the judge might 'operate either by way of res judicata or collateral estoppel so as to conclude both parties with respect thereto at the subsequent trial of the treble damage claim.' "

And (at page 510, 79 S.Ct. at page 956):

"Since the right to jury trial is a constitutional one, however, while no similar requirement protects trials by the court, *that discretion is very narrowly limited* and must, wherever possible, be exercised to preserve jury trial. As this Court said in Scott v. Neely, 140 U.S. 106, 109–110 [11 S.Ct. 712, 714, 35 L.Ed. 358]: 'In the Federal courts this [jury] right cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any *blending with a claim, properly cognizable at law,* of a demand for equitable relief in aid of the legal action, or during its pendency.' This long-standing principle of equity dictates that only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." (Emphasis supplied.)

Read in context, it clearly appears that these statements relate to a limitation of the discretion of the District Court in determining the sequence of the trial of issues in a case involving claims to be tried by a jury and other claims triable to the court without a jury.

A careful study of the Beacon Theatres case convinces the court that that case does not stand for a broad proposition creating an exception to the general rule (which denies the right to a jury trial

in a purely equitable action) whenever a possibility exists that collateral estoppel may subsequently bind one of the parties to the action on certain issues in a distinctly separate legal action. Were the rule as contended for by the defendant, the distinction between actions at law and in equity with respect to the right to a jury trial, which clearly was "preserved" by the Seventh Amendment, would be destroyed for all practical purposes, since in nearly all cases where an injunction is sought, collateral estoppel might apply in a possible subsequent legal action having some issues in common with the suit in equity.

This court is unable to conclude that such an important change in a well-established legal principle should be predicated on the broad language used in a U. S. Supreme Court decision which is not in point, and this court believes that the Supreme Court did not intend the language quoted above to have the effect contended for by the defendant in this action.

It is therefore ordered that plaintiff's motion to strike defendant's demand for a jury trial is hereby granted.